# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARBARA STRUNK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 09-CV-676-TLW ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Barbara Strunk seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for supplemental security income benefits under Title XIV of the Social Security Act ("SSA"), 42 U.S.C. § 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 11). Any appeal of this decision will be directly to the Tenth Circuit.

Plaintiff's application for disability insurance benefits was filed on January 25, 2005, alleging an onset date of December 1, 1998. (Dkt. # 15 at 1). At her July 2, 2007 hearing before the ALJ, plaintiff amended her onset date to February 2, 2005. (R. 504, 519). On July 17, 2007, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the SSA. (R. 17). The Appeals Council denied review on October 2, 2009. (R. 6-9). The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 416.1481. On October 20, 2009, plaintiff filed the subject action with this Court. (Dkt. ## 1, 2).

The role of the Court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is only to determine whether substantial evidence supports that decision and whether the applicable legal standards were applied correctly. See Briggs ex. rel. Briggs v. Massanari, 248

F.3d 1235, 1237 (10th Cir. 2001). Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Casias v. Secretary of Health & Human Service, 933 F.2d 799, 800 (10th Cir. 1991).

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 416.912(a). "Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To meet this burden, plaintiff must provide medical evidence of impairment and the severity of the impairment during the time of his alleged disability. 20 C.F.R. § 416.912(b). A disability is a physical or mental impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423 (d)(3). "A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by (an individual's) statement of symptoms." 20 C.F.R. § 416.908. The evidence must come from "acceptable medical sources" such as licensed and certified psychologists and licensed physicians. 20 C.F.R. § 416.913(a).

## Issues

Plaintiff argues that the ALJ's Decision should be reversed for the following four reasons:

1. The ALJ failed to fully develop the record.

2

2. The ALJ failed to properly consider medical sources' opinions.
3. The ALJ failed to properly consider the plaintiff's credibility.
4. The ALJ's RFC assessment is not supported by substantial evidence.

(Dkt. # 15 at 5).

## Discussion

Plaintiff alleges that she stopped working because she has problems with her back and mental problems. Plaintiff has previously filed two applications for disability benefits and was denied both times, the second after a hearing before an ALJ.

Plaintiff first alleges that the ALJ failed to fully develop the record, because he refused to issue a subpoena for plaintiff's treatment notes from CREOKS or, in the alternative, to send plaintiff for more testing. (Dkt. # 15 at 6). Plaintiff alleges that this failure was error, because the ALJ found that there were no medical records to support plaintiff's application "since the previous Administrative Law Judge decision." Id. Plaintiff cites Flaherty v. Astrue, 515 F.3d 1067, 1072 (2007). In Flaherty, the plaintiff argued that the ALJ improperly failed to develop the record "to establish the onset date of her disabling migraines." In finding against the plaintiff, the Tenth Circuit said:

> In a social security disability case, the claimant bears the burden to prove her disability. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir.1997). Disability hearings are nonadversarial, however, and the ALJ has a duty "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Id. (quotation omitted). "This duty to develop the record pertains even if the claimant is represented by counsel." Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir.1993). "Ordinarily, the claimant must in some fashion raise the issue sought to be developed which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." Hawkins, 113 F.3d at 1167 (citations omitted). If she does so, then the ALJ's duty to order a consultative examination arises. Id. "Isolated and unsupported comments by the claimant are insufficient, by themselves, to raise the suspicion of the existence of a nonexertional impairment." Id.

Id.

Even more on point is the Tenth Circuit's decision in Maes v. Astrue, 522 F.3d 1093, 1096-97 (10th Cir. 2008). In Maes, the Tenth Circuit considered a plaintiff's argument that the ALJ failed to develop the record, "because [the ALJ] never sought the records of her treating physician. . .." Id. In finding no error on the part of the ALJ, the Tenth Circuit relied on the plaintiff's counsel's representation at the hearing that the record was complete:

> As [plaintiff] was represented by counsel, the ALJ was entitled to rely on counsel's representation of the claims and records that might be involved, and here it is clear to us that counsel made no effort to point out the existence or relevance of Dr. Kimball to the ALJ. It does not appear from the record that counsel himself contacted Dr. Kimball. Counsel did not mention him at the hearing. When the ALJ asked counsel at the hearing whether the record was complete, counsel indicated it was, stating that "as far as I know" the record contained all the evidence that then existed. Moreover, after the hearing, counsel wrote to the ALJ stating that the case was "fully submitted and ready for your decision."
>
> Although the ALJ has the duty to develop the record, such a duty does not permit a claimant, through counsel, to rest on the record-indeed, to exhort the ALJ that the case is ready for decision-and later fault the ALJ for not performing a more exhaustive investigation. To do so would contravene the principle that the ALJ is not required to act as the claimant's advocate in order to meet his duty to develop the record. This is especially true where, as here, neither counsel nor the claimant have obtained (or, so far as we can tell, tried to obtain) for themselves the records about which they now complain-suggesting that counsel has abandoned his role as advocate in favor of relegating that responsibility to the ALJ. In short, we will not ordinarily reverse or remand for failure to develop the record when a claimant is represented by counsel who affirmatively submits to the ALJ that the record is complete.

Id. at 1097 (citations and footnotes omitted). Here, unlike in Flaherty and Maes, plaintiff's counsel specifically asked the ALJ to subpoena the records from Creoks, he did so in a timely manner, and he explained why he believed the records were relevant. In addition, plaintiff's counsel noted his efforts to obtain the records on his own.

Most important, however, is the fact that in his credibility analysis, which is otherwise without error, the ALJ said that there were "no convincing medical records to support the

4

[plaintiff's] application for benefits since the previous Administrative Law Judge decision was issued on March 30, 2000. Nor does the record support a finding that either her physical or mental conditions have been exacerbated since that earlier decision." This statement is undoubtedly correct, as the record stands. Nonetheless, the statement implies that the ALJ based his credibility determination, at least in part, on a lack of *recent* medical records, something the plaintiff asked the ALJ to obtain. Indeed, it is possible that the records plaintiff seeks are not helpful, non-existent, or simply not produced even when sought by the Commissioner. If so, then the ALJ's decision should not be altered. But the ALJ should at least seek to obtain the records from Creoks and, if they are produced, consider them in his decision. If Creoks fails to produce the requested records, then the ALJ's decision should not change. Irrespective of whether any documents are produced by Creoks, the Court sees no reason to order additional testing and finds no other error in the ALJ's decision.

## Conclusion

The Court REVERSES and REMANDS the decision of the Commissioner as set forth herein.

SO ORDERED this 26th day of April, 2011.

_____
T. Lane Wilson
United States Magistrate Judge